UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| FIDEL TORRES, JR., )<br>)<br>Petitioner, )<br>)<br>V. )<br>)<br>FRANCISCO QUINTANA, )<br>)<br>Respondent. ) | Civil Action No. 12-CV-242-KKC<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Fidel Torres, Jr., is an inmate confined at the Federal Medical Center in Lexington, Kentucky. Proceeding without an attorney, Torres has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his underlying criminal conviction. [R. 1] The Court has granted Torres's motion to waive payment of the filing fee by prior order. [R. 4]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Torres's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the petitioner's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Having reviewed the petition,

the Court must deny relief because Torres can not pursue his claims in a habeas corpus proceeding under § 2241.

## BACKGROUND

On July 19, 2005, Torres and three co-defendants were indicted in the United States District Court for the Southern District of Texas for knowingly and intentionally conspiring to possess with intent to distribute in excess of one thousand kilograms of marijuana, a Schedule I controlled substance, in violation of Title 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(a), and of aiding and abetting that conspiracy, in violation of 21 U.S.C. § 841(a)(1). *United States v. Fidel Torres*, No. L-05-1659 (S.D. Tex. 2005). Torres was charged in Counts 1 and 2 of the indictment and pled not guilty to these charges. Following a two-day bench trial in April 2006, Torres was found guilty of these charges. [*Id*. R. 130] Torres was sentenced on October 17, 2006, and received concurrent sentences of 220 months imprisonment on Counts 1 and 2 of the indictment.

On October 17, 2006, Torres filed a Notice of Non-Appeal, acknowledging that he knew he had the right to appeal, but after having discussed his case with his attorney, he had decided not to pursue an appeal. [*Id*. R. 181] However, over five years later, on March 30, 2012, Torres filed a motion in the trial court pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. [ *Id.* R. 290] On April 3, 2012, the trial court denied Torres's § 2255 motion because it was time-barred. [*Id.* R. 291, 292]

In his current petition, Torres challenges his conviction, claiming that he was convicted without factual evidence and that because the trial transcripts had been sealed, he could not point out the errors committed by the prosecutor. Torres also claims that he received ineffective assistance of counsel at trial.

**DISCUSSION**

Torres is not challenging any aspect of the execution of his sentence, such as the computation of sentence credits or parole eligibility, issues which fall under the purview of § 2241. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). By arguing that the prosecutor committed error and that he received ineffective assistance of counsel, Torres essentially challenges the validity of his underlying conviction and sentence. However, § 2241 is not the mechanism for asserting such challenges. Section 2255(a) provides the primary avenue of relief for federal prisoners claiming the right to release as a result of an unlawful conviction or sentence, *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009), and is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, 2010 WL at 3283018, at * 6 (E.D. Tenn. Aug. 17, 2010).

Section 2255(e) permits a prisoner to challenge a conviction or sentence in a habeas petition filed pursuant to § 2241, but only if the remedy provided by § 2255(a) is "inadequate or ineffective to test the legality of the detention." *Terrell*, 564 F.3d at 447; *Witham v. United States*, 355 F.3d 501, 505 (6th Cir. 2004). Review under § 2241 is not available "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief." 28 U.S.C. § 2255(e). The petitioner must prove that his § 2255 remedy is inadequate or ineffective to challenge the legality of his detention. *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999); *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003).

Torres can not make that showing because he challenged his federal conviction and sentence in a § 2255 motion in the sentencing court; however, his § 2255 motion was time-barred, being filed more than five years after his conviction became final. The remedy provided under § 2255 is not

3

rendered inadequate and ineffective if the petitioner presented a claim in a § 2255 motion but was denied relief on the claim; failed to assert a claim in his § 2255 motion; or was denied permission to file a second or successive § 2255 motion. *See Charles*, 180 F.3d at 756-58; *Rumler v. Hemingway*, 43 F. App'x 946, 947 (6th Cir. 2002); *Bautista v. Shartle*, No. 4:09CV2759, 2012 WL 11135, at *2 (N.D. Ohio Jan. 3, 2012). Section 2241 is not an additional, alternative, or supplemental remedy to the one provided in § 2255. *Charles*, 180 F.3d at 758. As Torres did not timely present his current claim in a § 2255 motion in the federal court in which he was convicted, he has not established that his § 2255 remedy was inadequate or ineffective to challenge his conviction and sentence.

Torres states that his conviction was based on hearsay, suggesting an insufficiency in the evidence. With this statement, Torres may be attempting to claim that he is "actually innocent" of the offenses for which he was convicted; if so, that claim also fails to state a basis for relief under § 2241. The savings clause of § 2255 can implicate § 2241 when the movant alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003), but actual innocence requires "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. at 623-24; *Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998); *Reyes-Requena v. United States*, 243 F.3d 893, 903-04 (5th Cir. 2001). The movant must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent of the crime." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Torres's construed challenge to his conviction is at best a claim of legal insufficiency, not a claim of "actual innocence."

The only other means of pursuing a claim of actual innocence through the savings clause of § 2255 is to allege the existence of a new rule of law made retroactive by a Supreme Court case, such as the type of claim raised in *Bailey v. United States*, 516 U.S. 137 (1995). *Townsend v. Davis*, 83 F. App'x 728 (6th Cir. 2003); *United States v. Peterman*, 249 F.3d. 458, 461 (6th Cir. 2001). Torres does not allege that he was convicted of conduct that the law no longer makes criminal in light of a Supreme Court decision rendered after his direct appeal or after he filed his § 2255 motion.

In summary, Torres has not established a claim of actual innocence cognizable in a habeas corpus proceeding under § 2241. *Bousley v. United States*, 523 U.S. 614, 620 (1998); *Charles*, 180 F.3d at 757; *see also Reminsky v. United States*, No. 1:12-cv-272, 2012 WL 1669951, at *3 (N.D. Ohio Feb. 24, 2012) (petitioner cited no retroactively applicable Supreme Court decision overturning circuit precedent which would indicate that his sentence suffered from a "fundamental defect"). Torres may not pursue his claims in a § 2241 habeas corpus proceeding, and his petition will be denied.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. Fidel Torres's petition for a writ of habeas corpus [R. 1] is **DENIED.**

2. The Court will enter an appropriate judgment.

3. This matter is **STRICKEN** from the active docket.

Dated this 31st day of January, 2013.



**Signed By:**
*Karen K. Caldwell*
**United States District Judge**